UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| KARL JASON CALDWELL,<br><br>    Plaintiff,<br><br>V.<br><br>DEPUTY RON LUSTER, individually, and<br>LINCOLN COUNTY SHERIFF'S OFFICE<br><br>    Defendants. | CIVIL ACTION NO. 5:24-cv-121-KKC<br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \* \*

This matter is before the Court on the Defendants' motion to dismiss (DE 3).

Plaintiff Karl Jason Caldwell asserts he was driving a vehicle in Lincoln County when Deputy Ron Luster activated the emergency lights in his law enforcement vehicle and began chasing him, thinking that Caldwell was a person named Arlos, who was wanted by the Lincoln County Sheriff's Office. Caldwell alleges that, after he stopped his truck, Deputy Luster ran into the back of it and than exited his vehicle with a firearm drawn. Caldwell asserts he fell to the ground and that Luster "tackled" him and physically assaulted him. Caldwell alleges Luster "wrestled with" him and then shot Caldwell in the hip.

Caldwell asserts various claims against Luster and the Lincoln County Sheriff's Office including the unconstitutional use of excessive force under 42 U.S.C. § 1983 and state law claims for negligence and assault and battery.

Defendants move to dismiss certain of those claims, and Caldwell agrees that most of the claims that Defendants object to should be dismissed. Defendants move to dismiss any claim for excessive force asserted by Caldwell under the Fourteenth Amendment. They

do not move to dismiss any such claim asserted under the Fourth Amendment. In response, Caldwell agrees that any claim for excessive force under the Fourteenth Amendment should be dismissed.

Defendants also move to dismiss any claim for "abuse of public office" against Luster and all claims against the Lincoln County Sheriff's Office. Caldwell concedes that all such claims should be dismissed.

That leaves only Defendants' motion to dismiss the negligence and gross negligence claims against Luster. Defendants argue that Caldwell does not plead any facts that would support that Luster acted negligently (as opposed to intentionally). Defendants also argue that Luster owed no duty to Caldwell because there was no "special relationship" between the two.

As to a law enforcement officer's duty to individuals, Kentucky courts have rejected imposing upon police officers a universal duty of care. *See, e.g., City of Florence v. Chipman*, 38 S.W.3d 387, 393 (Ky.2001). Instead, officers owe a duty of care to individuals only if there is a "special relationship" between the officer and individual. *Id.* at 392; *Ashby v. City of Louisville*, 841 S.W.2d 184, 189 (Ky.App.1992). That special relationship requires that 1) the victim must have been in state custody or otherwise restrained by the state at the time the injury producing act occurred, and 2) the violence or other offensive conduct must have been committed by a state actor. *Ashby*, 841 S.W.2d at 190.

Here, Caldwell alleges that Deputy Luster pulled him over by turning on his emergency lights and following him. He then alleges that Deputy Luster "tackled" him after ramming his vehicle into Caldwell's and exiting his vehicle with his firearm drawn. This sufficiently alleges that Caldwell was "otherwise restrained" by Deputy Luster. Caldwell also alleges that Deputy Luster "intentionally and purposefully fired a shot striking

Plaintiff in the hip." This sufficiently alleges that a state actor committed the alleged offensive conduct or violence. Thus, Caldwell has sufficiently alleged a "special relationship," by which Deputy Luster owed Caldwell a duty of care.

Caldwell alleges, however, only intentional and purposeful conduct by Deputy Luster. He alleges that Deputy Luster "rammed" Caldwell's vehicle, "tackled" Caldwell and then "intentionally and purposefully" shot him in the hip. Caldwell may plead inconsistent claims, Fed. R. 8(d)(3), but he must plead facts that support each claim. Caldwell does not plead any negligent or even grossly negligent actions by Deputy Luster. In his response brief, Caldwell again characterizes Deputy Luster's actions as "willful and malicious …which intended to harm." (DE 4 Response at 3.) Accordingly, the Court will dismiss the negligence and gross negligence claims against Deputy Luster.

For all these reasons, the Court hereby ORDERS as follows:

1) Defendants' motion to dismiss (DE 3) is GRANTED;
2) all Caldwell's claims against the Lincoln County Sheriff's Office are DISMISSED;
3) Caldwell's claims against Deputy Ron Luster for violation of the Fourteenth Amendment to the U.S. Constitution under 42 U.S.C. § 1983 and for abuse of public office, negligence, and gross negligence are DISMISSED.

This 29th day of January, 2025.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY